UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN G. LEEDY, Superior Court Judge,<br><br>Defendant. | No. 2:18-cv-1370 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has neither paid the filing fee nor submitted a request to proceed in forma pauperis. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned recommends that this action be dismissed without leave to amend.

II. Screening of Plaintiff's Complaint Under 28 U.S.C. § 1915A

A. Legal Standards for Screening Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Plaintiff's Claims

Plaintiff alleges that his Fourteenth Amendment rights were violated when defendant Leedy, a superior court judge, admitted inadmissible evidence. ECF No. 1 at 3-13. Plaintiff seeks the recusal or disqualification of defendant from any matters in which plaintiff appears, an order "vacat[ing] the void judgment," and directing his immediate release from prison. Id. at 3, 13.

### C. Analysis

#### i. Defendant Is Immune

"[I]n any action brought against a judicial officer [under Section 1983] for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 28 U.S.C. § 1983. Defendant's putative ruling on the admissibility of evidence falls squarely within the scope of activity performed in his judicial capacity, and there is no indication that this action falls within Section 1983's narrow exception to judicial immunity. Defendant Leedy is therefore immune from liability and the claims against him should be dismissed.

#### ii. Failure to State Section 1983 Claim

State prisoners may not attack the fact or length of their confinement in a Section 1983

action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (holding that habeas corpus is "available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while Section 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas"). Here, plaintiff's claims lie directly within the core of habeas corpus because he is challenging the validity of his continued confinement and a favorable determination would result in his speedier release. These allegations fail to state cognizable claims for relief under Section 1983 and should therefore be dismissed.

The court declines to offer plaintiff the option to convert his claims to an action for habeas corpus relief. Habeas petitions may be filed in the district of confinement or conviction. See 28 U.S.C. § 2241(d). Based on the information provided in the complaint and attachments, plaintiff's claims relate to his capital conviction in Alameda County (id. at 6, 15-16, 24) and his current incarceration in Marin County, both of which are situated in the Northern District of California. See 28 U.S.C. § 84(a). Therefore, if plaintiff wishes to challenge his conviction or sentence, he will need to do so by filing a habeas petition in the United States District Court for the Northern District of California.

### iii. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll, 809 F.2d at 1448)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss the action without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds, for the reasons explained above, that the complaint fails to state a claim upon which relief may be granted and that amendment would be futile. The complaint should therefore be dismissed without leave to amend.

### III. Plain Language Summary for Pro Se Litigant

The undersigned recommends that your claims should be dismissed because, even if true, defendant is immune from suit under Section 1983. The court will not convert your complaint to a habeas petition because, if you want to bring a habeas petition, you need to file it in the United States District Court for the Northern District of California.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

FURTHER, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 25, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE